UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
Joseph McCray,

                Plaintiff,            **MEMORANDUM & ORDER**
                                                                         21-CV-04091 (DG) (LB)

    -against-

City of New York, *et al.*,

                Defendants.
------------------------------------------------------------------X
DIANE GUJARATI, United States District Judge:

      In July 2021, Plaintiff Joseph McCray, proceeding *pro se*, commenced this action. *See* Complaint, ECF No. 1. On June 16, 2022, Plaintiff filed an Amended Complaint. *See* Amended Complaint, ECF No. 9. On July 11, 2022, Magistrate Judge Lois Bloom issued a Report and Recommendation ("R&R") recommending that Plaintiff's claims be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). *See* R&R at 1, 6, 12, ECF No. 10. Judge Bloom also granted Plaintiff's motion to proceed *in forma pauperis*, ECF No. 6. *See* R&R at 1. On August 19, 2022, the Court, upon clear error review in light of the fact that no objection to the R&R had been filed and the time for doing so had passed, adopted the recommendation to dismiss and dismissed this action without prejudice. *See* August 19, 2022 Order. Judgment was entered on August 23, 2022. *See* ECF No. 11.[1]

      Subsequently, Plaintiff represented that he did not receive the R&R and appeared to seek an order vacating the Judgment entered on August 23, 2022. *See* ECF No. 13 at 1-2; *see also* ECF No. 12. On October 7, 2022, in light of Plaintiff's representation that he did not receive the R&R, the Court, *inter alia*, (1) vacated the Judgment entered on August 23, 2022 and the Court's

---

[1] Familiarity with the detailed procedural history and background of this action is assumed herein.

Order dated August 19, 2022; (2) directed Plaintiff to file any objections to the R&R by November 7, 2022; and (3) directed the Clerk of Court to reopen this action. *See* October 7, 2022 Order. On November 7, 2022, Plaintiff filed objections to the R&R. *See* ECF No. 15.

On August 9, 2023, the Court, upon *de novo* review in light of Plaintiff's objections to the R&R, adopted the R&R's recommendation that Plaintiff's claims be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) and the Court dismissed the Amended Complaint, ECF No. 9, without prejudice. *See* August 9, 2023 Order. The Court noted that on July 21, 2023, while his objections to the R&R were pending, Plaintiff submitted a second Amended Complaint, requesting that it be accepted for filing, and the Court concluded that the second Amended Complaint failed to cure the deficiencies identified in the R&R with respect to the Amended Complaint. *See* August 9, 2023 Order. The Court denied Plaintiff leave to file the second Amended Complaint and directed the Clerk of Court to strike the second Amended Complaint, ECF No. 16, from the docket. *See* August 9, 2023 Order. The Court further directed the Clerk of Court to enter judgment. *See* August 9, 2023 Order. Judgment was entered on August 10, 2023. *See* ECF No. 17.

Pending before the Court is Plaintiff's motion pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, dated August 28, 2023 and filed on September 6, 2023 (the "Motion"). *See* ECF No. 18.[2] In the Motion, Plaintiff argues, *inter alia*, that the Court overlooked factual matters mentioned in the second Amended Complaint; that the R&R is "defective" and "must not be considered;" and that "Plaintiff [is] being illegally detained without a judgment." *See generally* Motion.[3] The Court liberally construes the Motion to be seeking reconsideration of the

---

[2] The Motion also references "Local Rule 6.3." *See* Motion at 3.

[3] Plaintiff mistakenly asserts that the R&R was not properly signed. *See* Motion at 1, 3; R&R at

2

Court's August 9, 2023 Order, which Order resulted in the issuance of the August 10, 2023 Judgment, ECF No. 17.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

For the reasons set forth below, the Motion lacks merit and is denied.

"A party may move for reconsideration and obtain relief only when the party identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Cho v. Blackberry Ltd.*, 991 F.3d 155, 170 (2d Cir. 2021) (alterations accepted) (quotation omitted).  "The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Id*. (quotation omitted); *see also* Rule 6.3 of the Local Civil Rules of the United States District Courts for the Southern and Eastern Districts of New York (requiring that a motion for reconsideration be supported by a memorandum "setting forth concisely the matters or controlling decisions" purportedly "overlooked" by the Court); *Prestige Jewelry Int'l, Inc. v. BK Jewellery HK, BK Jewelry (N.Y) Inc.*, No. 11-CV-02930, 2015 WL 8481873, at *1 (S.D.N.Y. Oct. 14, 2015) ("The Court of Appeals has made clear that reconsideration of prior decisions should be the exception rather than the rule.").

Plaintiff has failed to meet his burden of demonstrating that reconsideration is warranted.  Plaintiff has not demonstrated an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice, and Plaintiff has not pointed to controlling decisions or data that the Court overlooked.[4]

---

13.

[4] Plaintiff's argument that certain information contained in the second Amended Complaint was "overlooked," *see* Motion at 3, is unavailing.  The Court considered the second Amended

Accordingly, Plaintiff's Motion, ECF No. 18, is DENIED.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore denies *in forma pauperis* status for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to mail a copy of this Order to Plaintiff and to the New York City Law Department, Attention: Chief of Special Federal Litigation, and to note such mailing on the docket.

SO ORDERED.

*/s/ Diane Gujarati*  
DIANE GUJARATI  
United States District Judge

Dated: October 17, 2023  
       Brooklyn, New York

---

Complaint, concluding that it failed to cure the deficiencies identified in the R&R with respect to the Amended Complaint. *See* August 9, 2023 Order.